**James T. MULLIGAN, Resident and citizen of Kenton County KY, Eloise Mulligan, Resident and citizen of Kenton County KY, Plaintiffs,**

v.

**PFIZER INC., Delaware Corp. with principal place of business in NY, et al., Defendants.**

**No. C–1–92–671.**

United States District Court, S.D. Ohio, Western Division.

April 1, 1994.

---

Janet Gilligan Abaray, Waite, Schneider, Bayless & Chesley Co., Cincinnati, OH, for plaintiffs.

Michael Devanney Eagen and Nancy Clare Korb–Griffiths, Dinsmore & Shohl, Cincinnati, OH, for defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

SPIEGEL, District Judge.

This matter is before the Court on the Defendants' Motion for Summary Judgement (doc. 23), the Plaintiffs' Memorandum in Opposition (doc. 32), the Defendants' Reply (doc. 39), the Plaintiffs' Submission of Authority (doc. 51), and the Defendants' Submission of Authority (doc. 53).

### BACKGROUND

This is a suit arising out of injuries caused to the Plaintiff by an allegedly defective prosthetic knee device ("device"). The Defendants are the manufacturer of the device and the manufacturer's parent company. The Plaintiffs have alleged damages based upon strict liability, negligence and breach of implied warranty, and are seeking both compensatory and punitive damages.

The Defendants have moved for summary judgement claiming that the Plaintiffs' state law claims are preempted by the 1976 Medical Device Amendments ("MDA") to the Food Drug & Cosmetic Act and its implementing regulations. 21 U.S.C. §§ 301–394; 21 C.F.R. §§ 801 et seq. The Plaintiffs claim that the MDA does not preempt the their state law claims.

## ANALYSIS

 In determining whether federal law preempts state law, we are guided by the well settled principle that " 'the historic police powers of the state [are] not to be superseded ... by Federal Act unless that [is] the clear and manifest purpose of congress.' " *Cipollone v. Liggett Group, Inc.,* — U.S. —, —, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992) (brackets and ellipses in original) (quoting *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). Only "when Congress has unmistakably ... ordained ... that its enactments alone are to regulate a part of commerce, state laws regulating that aspect of commerce must fall." *Jones v. Rath Packing Co.,* 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977) (internal quotation and citation omitted) (first ellipsis in original). Thus, there is a strong "presumption *against* the pre-emption of state police powers." *Id.,* — U.S. at —, 112 S.Ct. at 2618 (emphasis added). The party arguing in support of pre-emption, consequently, "bears a heavy burden." *Pennsylvania Medical Soc. v. Marconis,* 942 F.2d 842, 846 (3d Cir.1991); *Weber v. Heaney,* 793 F.Supp. 1438, 1443 (D.Minn.1992); *aff'd,* 995 F.2d 872 (8th Cir.1993); *see Abbot by Abbot v. American Cyanamid Co.,* 844 F.2d 1108, 1112 (4th Cir.1988); *cert. denied,* 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 248 (1988) (presumption against preemption of state law is even stronger with state or local regulation of matters related to health and safety).

 In this case, the Court must construe whether the provisions of the MDA preempt the Plaintiffs' state law claims. For the following reasons, we conclude that the MDA does not preempt the Plaintiffs' state law causes of action.

21 U.S.C. § 360k provides,

**(a) General rule**

Except as provided in subsection (b) of this section, no State or political subdivision of a state may establish or continue in effect *with respect to a device* intended for human use any requirement—

(1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and

(2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.

**(b) Exempt requirements**

Upon application of a state or a political subdivision thereof, the Secretary may, by regulation promulgated after notice and opportunity for an oral hearing, exempt from subsection (a) of this section, under such conditions as may be prescribed in such regulation, a requirement of such state or political subdivision applicable to a device intended for human use if—

(1) the requirement is more stringent than a requirement under this chapter which would be applicable to the device if an exemption were not in effect under this subsection; or

(2) the requirement—

(A) is required by compelling local conditions, and

(B) compliance with the requirement would not cause the device to be in violation of any applicable requirement under this chapter.

(emphasis added).

 Thus, under the plain meaning of the statute, any state law enacted specifically "with respect to a device intended for human use" is preempted. As the FDA's implementing regulations make perfectly clear, the MDA

*does not preempt State or Local requirements of general applicability where the purpose of the requirement relates ... to other products in addition to devices* (e.g., requirements such as ... the Uniform Commercial Code (warranty of fitness)). . . .

21 C.F.R. § 808.1(d)(1) (emphasis added). Because the above interpretation was made by the FDA, the agency with expertise and authority to regulate in this area, the Court must consider this interpretation controlling insofar as it is based on a reasonable construction of the statute. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984). We are satisfied that this construction is reasonable.

An example of a state requirement *not* of general application, but rather one directly

relating to a "device" and thus falling within the scope of section 360k(a)'s preemption provision, is Ohio Rev.Code § 4747.09. Section 4747.09 specifically pertains to a "device intended for human use"—a hearing aid— and thus would require an exemption to avoid section 360k(a)'s preemptive effect. In fact, an exemption was specifically sought, and granted in part, for § 4747.09. See 21 C.F.R. § 808.85. Because 4747.09 specifically relates to a "device," exemption was required for that statute to be effective. Had it been a law of "general applicability where the purpose of the requirement relates ... to other products in addition to devices ..." exemption would not have been necessary because section 360k(a)'s preemption provision would not have applied. 21 C.F.R. § 808.1(d)(1); see 21 U.S.C. § 360k(a).

Additionally, section 360h(b) of the MDA addresses "repair, replacement or refund" in situations where the Secretary determines that a device "presents an unreasonable risk" and that the device "was not properly manufactured" due to the failure of "a manufacturer, importer, distributor, or retailer of the device". 21 U.S.C. § 360h(b)(1)(A). Subparagraph (2) discusses the procedure for repair or replacement, and section (c) addresses reimbursement.

Of vast significance, however, paragraph (d) addresses the "Effect on other liability". That section provides in full:

> Compliance with an order issued under this section shall not relieve any person from liability under Federal or State law. In awarding damages for economic loss in an action brought for the enforcement of any such liability, the value to the plaintiff in such action of any remedy provided him under such order shall be taken into account.

21 U.S.C. § 360h(d). Thus, this paragraph specifically contemplates state law liability and damages. Furthermore, paragraph (d) unambiguously prohibits a finding of liability pursuant to section (b) and (c) from shielding a defendant from state liability and damages,

although it *does* provide that any remedy ordered under section 360h(b) or (c) "shall" be taken into account in awarding state law damages.[1]

Thus, section 360h(d), considered in conjunction with section 360k(a) and 21 C.F.R. § 808.1(d), supports, rather than diminishes, the strong presumption against preemption of states law for statutes of general applicability. Section 360k(a) and 21 C.F.R. 808.1(d) only preempt statutes relating directly to medical devices such as hearing aids or prosthetic knees, while specifically exempting from preemption "State or Local requirements of general applicability...." 21 C.F.R. 808.1(d); *See* 21 U.S.C. § 360k. Additionally, section 21 U.S.C. § 360h(d) specifically prohibits a finding of liability and an order of replacement, repair or refund under section 360h(b) and (c) from relieving a defendant of state law liability and payment of damages, although it does provide for a set-off.

Consequently, we conclude that neither by its express terms, nor by implication, has Congress manifested an unambiguous intent to preempt the state law claims the Plaintiffs have asserted in this case. *Accord Elbert v. Howmedica, Inc.*, 841 F.Supp. 327 (D.Hawaii 1993) (holding that MDA and underlying FDA regulations did not preempt state tort claims allegedly caused by the same prosthetic knee device at issue in the case at bar). We therefore conclude that the Defendants have not sustained their heavy burden of persuading this Court that the MDA and FDA regulations preempt that state law claims asserted by the Plaintiffs.

## CONCLUSION

Accordingly, for the forgoing reasons, we hereby DENY the Defendants' Motion for Summary Judgement (doc. 23).

SO ORDERED.

---

1. We observe that an argument could be made that this section should be read to refer only to state law for which the Secretary has properly granted an exemption from preemption under section 360k(b). However, the mere fact that an argument could conceivably made to that effect is not sufficient to override the strong presumption in favor of allowing the Plaintiffs to proceed with their state law claim.